# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 5:05-CR-01 (WDO) |
| | : | |
| JOSEPH PERKINS, | : | |
| | : | |
| Defendant | : | |

## ORDER

Defendant Perkins filed a motion requesting the Court to extend the time in which he may file a habeas petition pursuant to 28 U.S.C. § 2255. "[E]quitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citations omitted). However, "equitable tolling applies only in truly extraordinary circumstances." Id. (citations omitted). The petitioner "bears the burden of establishing that he is entitled to this extraordinary relief." Id. (citations omitted).

Defendant Perkins has one year after his conviction became final to file a habeas petition, or until on or about August 17, 2007. See Kaufmann v. United States, 282 F.3d 1336 (11th Cir. 2002) (A federal habeas petitioner has one year to file his habeas petition that runs from one year after his conviction becomes final plus the 90-day period in which he could have sought a writ of certiorari from the United States Supreme Court). Defendant contends he needs a longer period of time to file a habeas petition because he has just

1

recently requested the needed transcripts. Because Defendant failed to show why he has not requested the transcripts before now and still has ample time in which to file a habeas petition, his motion for an extension of time to file a habeas petition is DENIED.

**SO ORDERED this 27th day of March, 2007.**

**S/**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**