# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JOSEPH JEROME PERKINS, | * | |
| Petitioner, | * | CASE NO. 5:07-CV-223 |
| vs. | * | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | CASE NO. 5:05-CR-1 WDO |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

A thirty-one (31) Count Indictment was returned in this Court against Petitioner Perkins on January 18, 2005, charging various violations of the Internal Revenue Code regarding the filing of false information and invalid tax returns. (R-1) On April 13, 2005, Perkins entered into a written Plea Agreement signed by all parties, and presented the same to the Court. (R-27) Following colloquy regarding the agreement, Petitioner Perkins entered pleas of guilty to Counts II and VI of the Indictment under the terms and conditions of the written Plea Agreement. *See* Sentencing Transcript (R-57). Count II charged Petitioner with making False and Fraudulent Claims in preparing United States Individual Income Tax Returns in violation of 18 U.S.C. § 287. Count VI charged Petitioner with Fraud and False Statements in presenting false Individual Income Tax Returns in violation of 26 U.S.C. §

7206(2). (R-1)

Subsequently, a PreSentence Investigation (PSI) was prepared and reported to the Court. After consideration of all of Petitioner's objections to the PSI, on October 25, 2005, the Court sentenced Petitioner to 60 months imprisonment on Count II and 36 months imprisonment on Count VI, the sentences to be served consecutively. (R-40) Petitioner appealed his sentence to the United States Court of Appeals for the Eleventh Circuit which affirmed the same on May 9, 2006. (R-54) Petitioner did not seek *writ of certiorari* from the United States Supreme Court. However, on June 8, 2007, he timely filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (R-58)

## **Petitioner's § 2255 Claims**

Petitioner Perkins contends that the Government breached a Plea Agreement promise "regarding a sentencing recommendation" that induced Petitioner to enter his guilty pleas, and that his attorney was ineffective in that his "advice regarding the plea was objectively unreasonable and that there is a reasonable probability that, but for counsel's error, defendant would not have pleaded guilty, but would have insisted upon a trial." (R-59 at 2, 3) Referencing Section (4)(D) of the Plea Agreement (R-27), Petitioner states:

> The plea agreement stipulated that the government would <u>recommend that the sentence imposed in Count Two runs concurrently with the sentence imposed in Count Six</u>. At no time did the government argue or interject and ask this Honorable Court that it had recommended concurrent sentences as part of the plea agreement during the sentencing phase of the petitioner's colloquy. Under the reading of the plea agreement the government's conduct amounted to a breach (the government in the plea agreement stated factually that it would

> recommend the two counts petitioner was pleading to, to be run
> concurrently.) By doing so the government violated the promise
> to the petitioner that it would recommend those very facts, yet
> when this Honorable Court departed from the induced promise,
> the government never argued for the petitioner.

(R-27 at 10) Citing Rule 11(c)(5)(B), Fed.R.Crim.P., Petitioner also contends that, "Where a district court accepts a plea of guilty pursuant to a plea agreement, and later rejects the terms of the plea agreement, it must, according to the plain language of Rule 11, give the defendant an opportunity to withdraw the plea." Id. at 5.

### Conclusions of law from the Record

### I.

Petitioner Perkins' contentions presuppose incorrectly that the Court rejected the Plea Agreement. To the contrary the Court accepted the Plea Agreement at the Sentencing Hearing held on October 13, 2005. *See* Transcript (R-48 at 3, lines 22-24). At no time later did the Court reject the Plea Agreement. Perkins misconstrues the plain terms of that document. In Section (3) of the Plea Agreement, he acknowledged his guilt of the offenses contained in Counts II and VI of the Indictment and that he would be entering guilty pleas freely and voluntarily, understanding that his guilty pleas would subject him to a maximum sentence of five (5) years imprisonment as to Count II and to a maximum term of three (3) years imprisonment as to Count VI. In paragraph (E) of Section (3) of the Plea Agreement, Perkins acknowledged that he understood that the Court was not bound by any estimate of the advisory sentencing range that the Defendant may have received from his counsel, the government, or the Probation Office. Section (3), paragraphs (F) and (G) of Plaintiff's Plea

3

Agreement provides:

> The Defendant understands and has discussed with Defendant's Attorney that any objections or challenges by the Defendant or Defendant's Attorney to the Pre-Sentence Report, the Court's evaluation and ruling on that Report, or the Court's sentencing, will not be grounds for withdrawal of the plea of guilty.
> Defendant understands and has discussed with Defendant's Attorney that after the Court considers the advisory guidelines range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

In Section (4) of the Plea Agreement, the United States Attorney agreed that he would accept Defendant's guilty pleas in full satisfaction of all possible federal criminal charges at that time known to the United States Attorney; that he would move to dismiss all the remaining Counts of the Indictment; that he would recommend a downward adjustment in the advisory guideline range upon Defendant's acceptance of responsibility, but that the decision whether the Defendant received any sentence reduction "rests within the Court's discretion;" and "That **the Government recommends** that the sentence imposed in Count Two runs concurrently with the sentence imposed in Count Six." (emphasis added)

Section (5) of the Plea Agreement provided: **"Nothing herein limits the sentencing discretion of the Court."** (emphasis added)

Petitioner's contention that the district court violated Rule 11(c)(5)(B), Fed.R.Crim.P., by running his sentences consecutively, contrary to the Government's recommendation, and not allowing Perkins the opportunity to withdraw his guilty pleas, is neither supported by the terms of the Plea Agreement nor the provisions of Rule 11. The Government did, indeed,

4

**recommend** that the sentences be run concurrently. That recommendation was very prominently included in the Plea Agreement itself, as shown above. At the same time, the plea agreement repeatedly stated that the final sentence would be in the discretion of the court regardless of any recommendation, and that no recommendation was binding on the Court. The statement, "Nothing (in the Plea Agreement) limits the sentencing discretion of the Court," was also prominently presented at Section (5) of the Plea Agreement, unequivocally and beyond misunderstanding. Likewise, the word "recommendation", is not a word of legalese or art beyond the pale of the ordinary citizen, which Petitioner certainly was not. Petitioner Perkins was a very sophisticated Federal Tax Accountant, de facto, if not in fact, who could have readily understood that a recommendation is nothing more than that, to be heeded or not according to the Court's discretionary determination.

Futhermore, the court's decision not to follow the "recommendation" of the Government in regard to concurrent sentencing, Rule 11(c)(5)(B) does not constitute a rejection of the terms of the Plea Agreement. Note that Rule 11(c)(5) provides:

> If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)**(A)** or **(C)**, the court must do the following on the record and in open court:
>
> > (B) advise the defendant personally that the court is not required to follow the Plea Agreement and give the defendant an opportunity to withdraw the plea.

The fallacy of Petitioner's contention in regard to Rule 11(c)(5)(B) is that Rule 11(c)(5)(B) is inapplicable to the Plea Agreement Procedure prescribed by Rule 11(c)**(1)**(B),

5

which provides:

> An attorney for the government and the defendant's attorney may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a related offense, the plea agreement may specify that an attorney for the government will:
>
> (B) **recommend**, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such recommendation or request does not bind the court). (emphasis added)

The Government's *recommendation,* as prominently disclosed at Section (5) of the Plea Agreement, cannot have been made other than pursuant to Rule 11(c)**(1)(B)** and not 11(c)**(1)(A)** or **(C)**, as referenced in Rule 11(c)(5), as relied upon by Petitioner Perkins. Neither of those sections are applicable to his case. Petitioner Perkins has not shown that the Government breached any agreement to recommend concurrent service of his sentences. The record is clear the recommendation was presented to the court in the Plea Agreement to which Petitioner Perkins made no objection. In fact, at the Change of Plea Hearing on April 13, 2005, when the Plea Agreement was presented to the court, the following colloquy between the court, Petitioner and counsel occurred:

THE COURT: Has anyone promised you anything that is not in this agreement?

THE DEFENDANT: No, sir.

THE COURT: Has anyone done anything to make you enter a plea?

THE DEFENDANT: No, sir.

THE COURT: Mr. Fouche', do you know anything contrary to what the Court is being told?

MR. FOUCHE': No, Your Honor.

THE COURT: Do you know, Mr. District Attorney?

MR. FOX: No, Your Honor, I do not.

(R-57 at 8). There is no factual or legal basis for Petitioner's contention that the court was bound by the Government's recommendation that his sentences be run concurrently, nor that the Government breached any promise to Petitioner.

## II.

The Plea Agreement included a waiver of "any right to an appeal or other collateral review of Defendant's sentence in any Court," with one exception, to wit., that "in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the Defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes sentence." (R-27 at Section (3)(M) [It is arguable that the Petitioner waived his right to this collateral attack on his sentence via Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255.]

When the district court determined that the guideline range was not adequate in Petitioner Perkins' case and sentenced him to the maximum penalty for each offense of conviction by guilty plea and ran the sentences consecutively, Petitioner Perkins excercised his right to a direct appeal of his sentence under the noted exception to his appeal waiver.

7

First, noting that the consecutive 60 and 36 month sentences were the statutory maximum sentences as to each count of the offenses, the United States Court of Appeals for the Eleventh Circuit found that the sentence outside the advisory Guideline range was warranted based primarily on Perkins' 29 criminal history points. (R-54) Contrary to Petitioner's argument to the Appellate Court that his sentence was unreasonable, the Court stated:

> [W]e cannot say that Perkins' consecutive sentences were unreasonable. First, the district court correctly calculated Perkin's Guideline range. *See Crawford,* 407 F.3d 1174, 1178 (11th Cir. 2005). Second, the court, in sentencing Perkins to a sentence in excess of the applicable Guideline range, explained in great detail why the Guideline range was inadequate. . . . Third, the district court expressly considered several 3553(a) factors before deciding that the consecutive sentences were appropriate in this case. Fourth, the court did not sentence Perkins in excess of the statutory maximum sentence for each count. Upon review of the record and the parties briefs, we discern no reversible error.

(R-54 at 4,5)

III.

Petitioner's contention that his attorney was ineffective for failing to object to the district court running Petitioner's sentences consecutively fails because, as found by the United States Court of Appeals for the Eleventh Circuit in its decision on Petitioner's appeal, the sentence was determined and pronounced according to law, according to Rule 11(c)(1)(B), and was reasonable given those circumstances and Petitioner's criminal history. The Court had full discretion to disregard the Government's recommendation for concurrent sentencing and to run the sentences consecutively. Any objection from Petitioner's Counsel would have lacked merit. "Counsel cannot be considered ineffective for failing to raise

8

claims that lack merit." *Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984). To establish a claim for relief based upon ineffective assistance of counsel, Petitioner must meet the two pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984). (1) Petitioner must show that his counsel's representation was deficient and (2) Petitioner must show that this deficient representation prejudiced Petitioner. *Strickland,* 466 U.S. at 687; see *Baxter v. Thomas,* 45 F. 3d 1501, 1512 (11th Cir. 1995). The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Ct. 366 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. The second prong of the *Strickland* test focuses on whether counsel's alleged constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.* Petitioner made no hint of wanting to go to trial after the sentence was passed until filing his present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 on June 8, 2007, approximately two (2) years after his sentence issued.

Petitioner Perkins has failed to carry his burden of proving that his counsel's conduct fell outside the range of reasonable conduct, especially in face to the fact that the other claims Petitioner now seeks to pursue have been shown to be without merit. Nor has he done

9

anything but make a conclusory suggestion that there might have been a reasonable probability that he would have wanted go to trial had his counsel acted differently, whether meritoriously or not.

**WHEREFORE, IT IS RECOMMENDED,** for all of the foregoing causes stated, that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 30th day of August 2007.

> S/ G. MALLON FAIRCLOTH
> UNITED STATES MAGISTRATE JUDGE