# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JOSEPH JEROME PERKINS, | * | |
| Petitioner, | * | CASE NO. 5:07-CV-223 |
| vs. | * | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | CASE NO. 5:05-CR-1 WDO |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Second Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

Perkins was charged in a thirty-one (31) Count Indictment on January 18, 2005, with various violations of the Internal Revenue Code regarding the filing of false information and invalid tax returns. (R-1). On April 13, 2005, Perkins entered into a written Plea Agreement with the Government and pleaded guilty to Counts II and VI of the Indictment. (R-27). The Court sentenced Petitioner to 60 months imprisonment on Count II and 36 months imprisonment on Count VI, the sentences to be served consecutively. (R-40). Petitioner appealed his sentence to the United States Court of Appeals for the Eleventh Circuit which affirmed the same on May 9, 2006. (R-54). Petitioner did not seek *writ of certiorari* from the United States Supreme Court.

On June 8, 2007, Petitioner filed his first Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (R-58). On September 28, 2007, Petitioner's Motion was Denied and Judgment was entered on October 1, 2007. (R-61, 62). Petitioner's appeal (R-66) was Denied on April 17, 2008. (R-73).

Now, on June 4, 2008, Petitioner has filed a Motion to Amend Judgment as well as a Second Motion to Vacate, Set aside or Correct Sentence. (R-74, 75). Identical to the claims in his original § 2255 petition, Petitioner Perkins contends in his Motion to Amend Judgment as well as his Second Motion to Vacate, that the Government breached a Plea Agreement promise regarding a sentencing recommendation that induced Petitioner to enter his guilty pleas. (R-74, 75).

The Eleventh Circuit Court of Appeals has repeatedly held that "[T]he AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997). A review of the record fails to establish that Petitioner has made application to the Eleventh Circuit Court of Appeals for authorization to file a second or successive § 2255 Motion to Vacate, Correct, or Set Aside his Sentence as required by 28 U.S.C. § 2244(b)(3)(A).

WHEREFORE, IT IS RECOMMENDED that Petitioner Perkins' Motion to Vacate, Set Aside, or Correct Sentence filed June 4, 2008, be DENIED as successive . Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 9th day of June, 2008.

S/ G. MALLON FAIRCLOTH  
UNITED STATES MAGISTRATE JUDGE